LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

TIFFANY DUNSWORTH-HAMPTON                Case No.:

    Plaintiff,

v.
                                  JURY TRIAL DEMANDED
CITY OF HENDERSON,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff Tiffany (Dunsworth) Hampton by and through undersigned counsel, Adam Levine, Esq. of the Law Office of Daniel Marks and for her Complaint against the Defendant herein alleges as follows:

1. At all times material hereto Plaintiff was a resident of Clark County, Nevada.

2. That at all times material hereto, the City of Henderson (hereafter sometimes referred to as "the CITY" or "COH") was a political subdivision of the State of Nevada.

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as this action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended) 42 U.S.C. §2000e et. seq.

///

4. Plaintiff was hired by the City of Henderson on September 20, 2012 as a police officer.

5. Plaintiff was in a personal relationship with, and ultimately married, Henderson Police Lieutenant Scott Hampton.

6. For the first two (2) years and four (4) months of Plaintiff's employment as a Police Officer she was approached by several male officers who would meet up after service calls or during down time and help her with her reports or give her advice. Several times after these meeting the male officer would text her and ask her out for drinks. When Plaintiff turned down the offers statements began circulating about how Plaintiff was a female and was too small for the job.

7. In June of 2014 the annual shift bid was scheduled. On the day of the bidding the room was filled with officers waiting to put their bids in on shifts that work with their personal lives. Plaintiff had two (2) shifts which would work with her personal life: Graves A East (GAE) (Sgt. Adams squad), and Swings B East (SBE). Plaintiff was publicly booed by male officers after bidding for GAE.

8. Plaintiff was assigned to SBE. However, a complaint was filed because this assignment would place Plaintiff in Lieutenant Hampton's chain of command.

9. As a result of the complaint Plaintiff was transferred to GAE.

10. Shift bids went into effect in August of 2014.

11. Officer Karovic, a male, who worked with Plaintiff on Graves A West (GAW) also bid on the GAE shift. During the time between the bidding of the shifts and when the shift change went into effect, Officer Karovic was receiving emails from Sgt. Adams informing him of upcoming training. However, Plaintiff never received any information regarding upcoming training from Sgt. Adams or anyone else on the squad.

12. The male members of GAE informed Sergeant Adams they did not want to work with a female; openly joked and laughed about Plaintiff going home for lunch to have sex; would refer to Plaintiff as a "scrawny female who couldn't handle business", a "little female that even juveniles did not respect", a "bitch with a badge" and a "fucking whore". The male members of GAE would further make false comments about Plaintiff being a stripper with a cop costume.

13. Members of GAE refused to sit with Plaintiff during briefing and force her to sit alone on one side of the room.

14. Male members of GAE when dispatched to assist Plaintiff on calls would not inquire as to whether Plaintiff needed any assistance, and would then clear the call and drive away. This created officer safety concerns for Plaintiff. Only GAE Officer Flewellen would actually provide Plaintiff with backup in the field. Plaintiff was forced to stop doing self-initiated patrol activity if Officer Flewellen and was not working because of the officer safety concerns created by the other male members of GAE.

15. On October 1, 2014 Plaintiff underwent annual defensive tactics training. During the training members of GAE directed gender-based obscene comments at Plaintiff such as "hopefully your balls are clean because they are going to be on her head" and "don't get sucked into the black hole". Plaintiff was further asked if she "queefed" on another officer. "Queef" is a reference to the expulsion of air from the vulva in connection with sex.

16. Officer Flewellen reported the treatment of Plaintiff to GAE Sergeant Adams who refused to take any action. Sergeant Adams told Officer Flewellen that he wanted to know any mistakes made by Plaintiff so he could then watch the Mobile Audio & Video (MAV) and write Plaintiff up to start the process of removing her from GAE.

///

///

17. When Plaintiff requested a meeting with a Lieutenant regarding the harassment and discrimination directed at her, she was informed "that is what you get for dating at work" and that the Lieutenant could not make everybody "like her".

18. After the harassment and discrimination was raised with Acting Captain Seekatz, Plaintiff was moved to a new squad, Day A West ("DAW") Seekatz further directed that a sexual harassment investigation be undertaken.

19. Following reassignment to DAW Plaintiff was subject to retaliation. Upon assignment to DAW Sgt. Delacanal informed Plaintiff that he did not have time to "babysit". This statement was made before he even had an opportunity to evaluate Plaintiff's performance. Sergeant Delacanal further requested that Plaintiff be given a written reprimand by Lt. Tyndall because her mobile audio and visual device (MAV) would not activate due to no fault of Plaintiff. Delacanal further sent Plaintiff for training with a training officer who continually informed Plaintiff that she was "a liability to the Department and herself".

20. That the actions of the City of Henderson as set forth above constitute discrimination on the basis of sex and/or retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

21. As a direct and proximate result of discrimination and retaliation by the City of Henderson, Plaintiff has suffered and/or incurred both physical and mental injuries, pain and suffering necessitating treatment by health professionals.

22. That as a direct and proximate result of the Defendant's actions and/or conduct in violation of Title VII of the Civil Rights Act as set forth above, the Plaintiff is entitled to a declaration of discrimination and retaliation, compensatory damages for her pain, suffering, humiliation and/or embarrassment, attorney's fees and/or any other legal or other equitable relief available under Title VII of the Civil Rights Act.

23. Plaintiff has exhausted her administrative remedies and received a Right to Sue letter from the EEOC.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For special damages in an amount in excess of $10,000.

2. For compensatory damages according in excess of $10,000.

3. For attorneys' fees and costs incurred herein.

4. For such other and further equitable relief, including injunctive relief, as the Court deems just and proper.

DATED this 17th day of November, 2015.

        LAW OFFICE OF DANIEL MARKS

         /s/  Adam Levine, Esq.      .
        DANIEL MARKS, ESQ.
        Nevada State Bar No. 002003
        ADAM LEVINE, ESQ.
        Nevada State Bar No.  004673
        610 South Ninth Street
        Las Vegas, Nevada 89101
         *Attorneys for Plaintiff*