JOSH M. REID
City Attorney
Nevada Bar No. 7497
KRISTINA E. GILMORE
Assistant City Attorney
Nevada Bar No. 11564
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1239
(702) 267-1201 Facsimile
Kristina.Gilmore@cityofhenderson.com

WENDY MEDURA KRINCEK
Nevada Bar No. 6417
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
(702) 862-8800
(702) 862-8811 Facsimile
wkrincek@littler.com

Attorneys for Defendant
CITY OF HENDERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY DUNSWORTH-HAMPTON,<br><br>             Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON,<br><br>             Defendant. | Case No. 2:15-CV-02192-APG-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED, by and between the parties, by and through their respective counsel of record, that in order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties agree as follows:

1.   Any party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document that party considers in good faith to constitute or contain Confidential Information. "Confidential Information," for purposes of this Stipulation is any information the release of which could potentially jeopardize the safety of the officers or employees

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

of the City of Henderson or the public; any and all information, documents and materials, produced or otherwise obtained from or concerning investigations of the Henderson Police Department ("HPD"), including, but not limited to any ongoing criminal investigations and/or any investigations conducted by or within the City of Henderson; any and all information, documents and materials produced or otherwise obtained concerning or containing third-party personnel information; certain City of Henderson policies and/or procedures related to tactical policies/procedures/guidelines, and any documents, photos, audio, video, digital records or recordings of third-party peace-officers, in any form or format produced or obtained through any discovery process concerning a third-party peace officer, or any other information subject to protection under the Federal Rules of Civil Procedure or Nevada law.  Where a document consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

All notes, memoranda, reports, or other written communications created or generated by counsel for the parties in this case, or by any experts or witnesses in this case that reveal or discuss Confidential Information shall be given the same protections under this Stipulation as the original Confidential Information itself.  The inclusion of documents or materials within the description of "Confidential Information" is not and should not be construed as a promise or agreement that any specific documents or materials exist, are discoverable or will be produced in the instant action.  The parties do not waive any objections that they may have to discovery of any materials, documents or information in this case by entering into this Stipulation.

2. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

3. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

      (c)    any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

      (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel for the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

      (e)    any authors or recipients of the Confidential Information;

      (f)    the Court, Court personnel, and court reporters; and

      (g)    witnesses (other than persons described in paragraph 3(e)).  A witness shall sign the Certification before being shown a confidential document.  Witnesses shown Confidential Information shall not be allowed to retain copies.

4.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

5.    During a deposition, either party may request any person present to sign the Certification attached Exhibit A if Confidential Information is discussed or used as an exhibit.  To designate Confidential Information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.  If Confidential Information is marked as an exhibit during a deposition, or hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material or (b) notify the reporter in writing at any time up to 30 days after receipt of the transcript.  In either instance, the material will be marked confidential and will be deemed as such.  The reporter will not furnish copies to anyone other than to the parties herein, and, if so requested, the witness and his/her counsel.

6.    If either party deems it necessary to file any Confidential Information with the Court,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

including (but not limited to) as an exhibit to any pleading or document, such counsel shall file a Motion to Seal and will comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's directives in *Kamakana v. City & County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). In any such Motion to Seal, counsel will be required to make the requisite showing to overcome the presumption of public access to court records.

7. The party who designates the material as Confidential Information may subsequently withdraw that designation as long as the party provides written notice to the non-designating party.

8. If a party contends that any material is not entitled to confidential treatment, such party shall give written notice to the party who designated the material confidential within fourteen (14) days of receipt of the designated confidential documents. The party who designated the material shall have fourteen (14) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party claiming that the material is Confidential Information withdraws such designation in writing; or

(b) the party claiming that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including any appeal, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Dated: April 6, 2016

/s/ Wendy M. Krincek, Esq.
JOSH M. REID
KRISTINA E. GILMORE
CITY OF HENDERSON

WENDY MEDURA KRINCEK, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
CITY OF HENDERSON

Dated: April 6, 2016

/s/ Sigal Chattah, Esq.
SIGAL CHATTAH, ESQ.
CHATTAH LAW GROUP

Attorney for Plaintiff
TIFFANY DUNSWORTH-HAMPTON

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2016

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *Tiffany Dunsworth-Hampton v. City of Henderson*, Case No. 2:15-CV-02192-APG-CWH (D. Nev.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United Stated District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

        [printed name]

Signature: _____

        [signature]

Firmwide:139198852.1 080828.1006

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800